IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SAMUEL MORTAY GRANDERSON, Inmate #95604, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-18-2332 |
| SHERIFF OTTO HANAK, et al., | § § § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

The plaintiff, Samuel Mortay Granderson (Inmate #95604), is currently in custody as a pretrial detainee at the Brazos County Detention Center. He has filed a Prisoner Civil Rights Complaint under 42 U.S.C. § 1983 ("Complaint")(Docket Entry No. 1), concerning an arrest that occurred on December 3, 2013. Because Granderson is an inmate who proceeds in forma pauperis, the court is required to scrutinize the claims and dismiss the Complaint, in whole or in part, if it determines that the Complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). After considering all of the pleadings, the court concludes that the Complaint must be dismissed for the reasons explained below.

**I. Background**

Granderson was arrested and admitted to the Brazos County

Detention Center on April 22, 2018.[1] He has been charged by Brazos County with manufacturing and delivery of a controlled substance, evading arrest with a motor vehicle, and theft of property.[2]

Granderson's pending Complaint concerns his an arrest that occurred on December 3, 2013.[3] As a result of that arrest, which was reportedly made by Homicide Detective Rex Phelps at a parole office in Bryan, Texas,[4] Granderson was charged with capital murder in Washington County Cause No. 16,863.[5] Reports of Granderson's arrest were publicized on a local news station, which caused him pain and suffering.[6] Granderson was held in the Washington County Jail from the date of his arrest on December 3, 2013, until June 4, 2015, when the charges against him were dismissed on the state's motion for insufficient evidence.[7]

Invoking 42 U.S.C. § 1983, Granderson now sues Washington County Sheriff Otto Hanak, Detective Phelps, and Assistant District

---

[1] Plaintiff's More Definite Statement, Docket Entry No. 12, p. 1.

[2] Id. at 2.

[3] Id. at 3.

[4] Complaint, Docket Entry No. 1, p. 4.

[5] Plaintiff's More Definite Statement, Docket Entry No. 12, p. 4.

[6] Complaint, Docket Entry No. 1, p. 4.

[7] Plaintiff's More Definite Statement, Docket Entry No. 12, p. 4; see also Complaint, Docket Entry No. 1, p. 10 ("Motion to Dismiss" in Washington County Cause No. 16,863).

-2-

Attorney Julie Renken for false arrest, wrongful imprisonment, and defamation in connection with the capital murder charges that were filed against him.[8]

## II. Discussion

### A. Prosecutorial Immunity

Granderson sues Renken because she was the assistant district attorney who prosecuted his case. It is well established that prosecutors are entitled to absolute immunity from civil rights claims for actions taken in the scope of their duties in initiating a prosecution and presenting the state's case. See Imbler v. Pachtman, 96 S. Ct. 984, 995 (1976). Because Granderson's allegations against Renken do not overcome Renken's entitlement to absolute immunity, his claims against her must be dismissed.

### B. All of Granderson's Claims are Barred by Limitations

Granderson's civil rights claims under 42 U.S.C. § 1983 are governed by the two-year statute of limitations provided by Texas law. See Piotrowski v. City of Houston, 237 F.3d 567, 576 (5th Cir. 2001); Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a). This means that Granderson had two years from the time that his claims accrued to file a civil rights complaint concerning his allegations. See Gonzalez v. Wyatt, 157 F.3d 1016, 1020 (5th Cir.

---

[8]Complaint, Docket Entry No. 1, pp. 3-4; Plaintiff's More Definite Statement, Docket Entry No. 12, pp. 5-6.

1998).

Federal law determines when a cause of action accrues under § 1983. See Smith v. Regional Transit Auth., 827 F.3d 412, 421 (5th Cir. 2016). A cause of action for false arrest and unlawful detention accrues when charges are filed and the plaintiff is detained pursuant to legal process. See Wallace v. Kato, 127 S. Ct. 1091, 1100 (2007); Mapes v. Bishop, 541 F.3d 582, 584 (5th Cir. 2008)(per curiam). Granderson's allegations make clear that he was detained pursuant to legal process shortly after his arrest on December 3, 2013. His Complaint is dated June 21, 2018.[9] Thus, his claims of false arrest and unlawful confinement are barred by the two-year statute of limitations, which expired well before he executed his Complaint. These claims are subject to dismissal as legally frivolous.

Granderson's allegations of defamation do not state a claim under 42 U.S.C. § 1983 because claims of libel or slander are actionable, if at all, only under state law. See Cook v. Houston Post, 616 F.2d 791, 794-95 (5th Cir. 1980). To the extent that Granderson asserts a state law claim, a defamation claim under Texas law is governed by a one-year statute of limitations. See Tex. Civ. Prac. & Rem. Code § 16.002(a). A cause of action for defamation accrues when a defamatory statement is published. See San Antonio Credit Union v. O'Connor, 115 S.W.3d 82, 96 (Tex. App.

---

[9]Complaint, Docket Entry No. 1, p. 1, p. 5.

— San Antonio 2003, pet. denied) (citing Kelley v. Rinkle, 532 S.W.2d 947, 949 (Tex. 1976)). Because Granderson complains about publications concerning his arrest on December 3, 2013, his claims are well outside the one-year statute of limitations. As a result, Granderson's Complaint is untimely and therefore legally frivolous. See Gartell v. Gaylor, 981 F.2d 254, 256 (5th Cir. 1993).

### III. Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1. The Prisoner Civil Rights Complaint filed by Samuel Mortay Granderson (Docket Entry No. 1) is **DISMISSED** with prejudice.

2. The dismissal will count as a **STRIKE** for purposes of 28 U.S.C. § 1915(g).

The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the plaintiff. The Clerk will also provide a copy to the Manager of the Three-Strikes List for the Southern District of Texas.

**SIGNED** at Houston, Texas, on this 3rd day of October, 2018.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE